Glenn R. Bronson (#7362) grb@princeyeates.com
Callie B. Rogers (#13160) cb@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
Attorneys for Plaintiff
15 W. South Temple, Suite 1700
Salt Lake City, Utah 84101
Telephone: (801) 524-1000

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| CW ONSET LLC, a limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLIED CENTER FOR SPECIAL SURGERY, SAN ANTONIO, LLC, a limited liability company,<br><br>    Defendant. | **COMPLAINT**<br>(Declaratory Judgment)<br><br>Civil No.: 2:14-cv-00034<br><br>Judge: Ted Stewart |

Plaintiff CW Onset LLC, a Utah limited liability company, complains against Defendant Allied Center for Special Surgery, San Antonio, LLC, a Texas limited liability company, and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff CW Onset LLC ("**CW Onset**") is, and at all times material hereto has been, a limited liability company organized under the laws of the State of Utah and maintaining its principal place of business in Salt Lake County, Utah.

2. On information and belief, Defendant Allied Center for Special Surgery, San Antonio, LLC ("**Allied**") is, and at all times material hereto has been, a limited liability company organized under the laws of the State of Texas and maintaining its principal place of business in San Antonio, Texas.

3. This Court has subject matter jurisdiction pursuant to, among others, 28 U.S.C. § 1332 and 28 U.S.C. § 2201 in that this lawsuit is between citizens of different states, the amount in controversy exceeds $75,000.00, and the parties seek a declaration of their rights and other legal relations.

4. Defendant is subject to the personal jurisdiction of this Court under Utah Code Ann. § 78b-2-201 inasmuch as it has transacted business within this State and District, the contracts which are the subjects of this complaint were entered into in this State and District, and Defendant expressly agreed to exclusive jurisdiction and venue in Utah.

5. Venue is proper in this Court pursuant to, among others, 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. CW Onset realleges and incorporates herein by reference the allegations of the foregoing paragraphs.

7. Allied and CW Onset entered into: (i) *Master Lease Agreement No. CWO0345053*, dated March 2, 2011; (ii) *Lease Schedule No. 001 to Master Lease Agreement No. CWO0345053*, dated March 2, 2011, later amended by *Amendment No. 1 to Lease Schedule No. 001 to Master Lease Agreement No. CWO0345053*, dated April 27, 2011; and (iii) *Stipulated Loss Schedule Dated April 27, 2011 to Lease Schedule No. 001 Dated March 2, 2011, As Amended to Master Lease Agreement No. CWO0345053*, dated April 27, 2011 (together, all of these documents constitute the "**Lease**").

8. True and correct copies of the documents constituting the Lease are attached hereto as Exhibit A.

9. The Lease was guaranteed by the following: (i) a *Payment Guaranty* executed by Michael Brown ("**Brown**"), dated March 2, 2011; and (ii) a *Payment Guaranty* executed by Brown Medical Center, Inc. ("**Brown Medical**"), dated March 2, 2011.

10. Pursuant to the Lease, CW Onset agreed to lease to Allied, and Allied agreed to lease from CW Onset, certain equipment (the "**Lease Equipment**").

11. The Lease provided that the Lease Equipment was, and at all times remained, the property of CW Onset.

12. The Lease term consisted of a base period of 24 months (the "**Base Period**"), with continuation periods of twelve months and six months, if applicable, as described in the Lease.

13. The Lease required Allied to make quarterly rental payments to CW Onset in the amount of $64,560.00 each, plus applicable sales/use and property tax, for the use of the Lease Equipment during the Base Period and any applicable continuation periods of the Lease.

14. The Lease also required the issuance of a letter of credit from a commercial bank in the amount of $250,000.00 (the "**Credit**"), to be paid to CW Onset upon the occurrence of an event of default, as described in the Lease.

15. In fulfillment of the credit requirements under the Lease, Vista Bank Texas issued an *Irrevocable Standby Letter of Credit Number 405* (as amended, the "**Letter of Credit**"), dated March 22, 2011, for the account of Allied in favor of CW Onset as beneficiary in the amount of $500,000.00, later amended to $250,000.00 pursuant to *Amendment to Irrevocable Standby Letter of Credit No. 405*, dated June 6, 2011.

16. At the maturity of the Base Period and pursuant to the Lease, the Lease renewed for an additional period of at least eighteen months, consisting of one twelve-

month renewal period beginning July 1, 2013, and at least one six-month renewal period beginning July 1, 2014.

17. On January 23, 2013, Brown filed for bankruptcy under Chapter 11 in the Southern District of Florida (Bankruptcy Petition No. 13-11484); the bankruptcy case was transferred to the Southern District of Texas on September 25, 2013 (Bankruptcy Petition No. 13-35892) and converted to Chapter 7 on November 20, 2013.

18. On October 15, 2013, Brown Medical filed for bankruptcy under Chapter 11 in the Southern District of Texas (Bankruptcy Petition No. 13-36405).

19. Elizabeth Guffy (the "**Trustee**"), Trustee for the bankruptcy estates of Brown and Brown Medical (together, the "**Bankruptcy Estates**") has been appointed "Chief Restructuring Officer" of Allied.

20. A true and correct copy of the Order appointing the Trustee as the Chief Restructuring Officer is attached hereto as Exhibit B.

## FIRST CLAIM FOR RELIEF

21. CW Onset realleges and incorporates herein by reference the allegations of the foregoing paragraphs.

22. Allied defaulted in its obligations under the Lease in that, among other things, Allied failed to pay property taxes for 2012 in the amount of $12,464.40.

5

23. On or about November 8, 2013, CW Onset provided Allied with notice of default based on the past-due and owing property tax payment, and further provided Allied the opportunity to cure the default, which Allied did not do.

24. The failure to pay property taxes constituted an event of default under the Lease.

25. The filing of the bankruptcy petitions of Brown and Brown Medical also constituted events of default under the lease.

26. All conditions precedent having occurred, CW Onset was, and is, entitled to exercise all of its cumulative remedies upon Allied's default under the Lease.

27. Among its cumulative remedies under the Lease, CW Onset was entitled to declare immediately due and payable all amounts due or to become due for the full term of the Lease (including any applicable continuation periods), to present the Letter of Credit for immediate payment and to draw immediately on the full amount of the Credit and apply the proceeds therefrom to the accelerated amounts owed to CW Onset under the Lease.

28. Pursuant to its remedies under the Lease, CW Onset declared immediately due and payable all amounts due or to become due for the full term of the Lease, including the remainder of the twelve-month continuation period (quarterly payments for

January 2014 and April 2014) and the six-month continuation period (quarterly payments for July 2014 and October 2014).

29.     Pursuant to its rights and remedies under the Lease, on or about November 22, 2013, CW Onset presented the Letter of Credit for payment.

30.     On or about December 3, 2013, CW Onset received payment from CommunityBank of Texas, as successor in interest to Vista Bank Texas, in the amount of $250,000.00 under the Letter of Credit.

31.     Upon receipt of the Letter of Credit funds, CW Onset applied the $250,000.00 payment to the amounts due or to become due under the Lease, including the four remaining quarterly payments of the continuation periods, satisfying the amounts owed by Allied under the Lease and resulting in excess proceeds of $96,165.69 (the "**Excess Proceeds**").

32.     On January 14, 2014, following confirmation that CommunityBank of Texas did not object to the release of the Excess Proceeds, CW Onset tendered payment of the Excess Proceeds to Allied.

33.     A true and correct copy of the January 14, 2014 letter from CW Onset's counsel tendering payment of the Excess Proceeds is attached hereto as Exhibit C.

34.     In December 2013, Allied (per the Trustee as Chief Restructuring Officer) demanded that CW Onset sell the Leased Equipment as quickly as possible to

accommodate the needs of the Bankruptcy Estates, threatening suit if CW Onset did not cooperate.

35. On or about December 18, 2013, after receipt of the Letter of Credit funds, CW Onset and Northstar Healthcare Acquisitions, LLC ("**Northstar**"), a third party referred to CW Onset by Allied, entered into a *Bill of Sale* pursuant to which CW Onset sold the Lease Equipment to Northstar for $125,000.00.

36. After the sale of the Lease Equipment, on January 8, 2014, counsel for the Chief Restructuring Officer of Allied sent counsel for CW Onset a letter claiming that the sale of the Lease Equipment, as demanded by Allied, "terminated" the Lease and demanding payment of $357,844.54.

37. A true and correct copy of the Chief Restructuring Officer's January 8, 2014, demand and statement of intent to file suit against CW Onset is attached hereto as Exhibit D.

38. On January 17, 2014, the Chief Restructuring Office for Allied, through counsel, rejected CW Onset's tender of the Excess Proceeds and again threatened suit against CW Onset for $357,844.54.

39. A true and correct copy of the Chief Restructuring Officer's January 17, 2014, letter is attached hereto as Exhibit E.

40. On January 17, 2014, CW Onset sent a cashier's check to Allied for the Excess Proceeds in the amount of $96,165.69.

41. CW Onset has complied with and continues to comply with the terms of the Lease.

42. Allied disputes CW Onset's application of the Letter of Credit funds and determination of damages under the Lease.

43. There exists an actual, genuine and justifiable case and controversy between CW Onset and Allied as to the enforcement of the terms of the Lease that is ripe for judicial determination.

44. CW Onset has a legally protectable interest in this controversy and seeks to have its rights determined relative to Allied and declared by this Court.

45. Pursuant to 28 U.S.C. § 2201, CW Onset is entitled to a decree from this Court that it has satisfied its obligations to Allied pursuant to the terms of the Lease, and that it owes no further obligations under the Lease to Allied or to any related parties.

## SECOND CLAIM FOR RELIEF

46. CW Onset realleges and incorporates herein by reference the allegations of the foregoing paragraphs.

47. The Lease provides that in the event of default, CW Onset is entitled to an award of its reasonable enforcement expenses, including reasonable attorney fees and court costs.

48. CW Onset has found it necessary to retain counsel to prosecute this action and otherwise to represent its interest in enforcing its remedies under the Lease, and pursuant to applicable law, CW Onset is entitled to an award of reasonable attorney fees for such services.

49. CW Onset is entitled to an award of costs incurred herein.

50. Any judgment entered herein should provide for augmentation for reasonable post-judgment attorney fees and costs incurred in collecting and enforcing said judgment.

## DEMAND FOR RELIEF

WHEREFORE, CW Onset demands judgment as follows:

A. On the First Claim for Relief, judgment declaring that CW Onset has satisfied its obligations to Allied pursuant to the terms of the Lease and that it owes no further obligations under the Lease to Allied or to any related parties.

B. On the Second Claim for Relief, that CW Onset is entitled to recover its reasonable attorney fees, costs, and other expenses incurred in enforcing its rights under the Lease.

C.      On all Claims for Relief, for such other and further relief as the Court deems just and proper.

DATED this 21st day of January, 2014.

**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation


By:  /s/ Glenn R. Bronson
    Glenn R. Bronson
    Callie B. Rogers
Attorneys for Plaintiff

Plaintiff's Address:

CW Onset LLC
10813 River Front Parkway, Suite 450
South Jordan, UT  84095


G:\grb\CW Onset\Brown Medical (Allied)\Complaint Decl Judg.docx